UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PENNY WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 3:20-cv-410 |
| ) | |
| LIBERTY LIFE ASSURANCE ) | |
| COMPANY OF BOSTON, LINCOLN ) | |
| LIFE ASSURANCE COMPANY OF ) | |
| BOSTON, and PARKER HANNIFIN ) | |
| CORPORATION, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT and REQUEST FOR JURY TRIAL**

The Plaintiff, Penny West, by and through the undersigned counsel, Nicholas T. Lavella, KELLER & KELLER, LLP, files this Complaint against Liberty Life Assurance Company of Boston, Lincoln Life Assurance Company of Boston, and Parker Hannifin Corporation ("Defendants"), and as cause therefore states as follows:

**I.  JURISDICTION AND VENUE**

1. This action for the denial of long term disability benefits arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001.  The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States.  Specifically, Penny West brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132.

2. Penny West ("Plaintiff" or "Ms. West") is a resident of Pierceton, Indiana and a citizen of the State of Indiana.

3. Liberty Life Assurance Company of Boston ("Liberty" or "Defendant") serves as a claims administrator to Parker-Hannafin Corporation's Short Term Disability Program ("STD Program"). The STD Program is a self-funded short term disability benefit which promises to pay disability benefits to employees of Parker Hannafin Corporation if they are unable to work due to sickness or injury. The STD Program is not governed by ERISA.

4. Liberty issued a group long term disability insurance policy to Parker Hannifin Corporation ("Parker Hannifin" or the "Plan Administrator" or "Defendant"), which promises to pay disability benefits to employees of Parker Hannifin Corporation if they are unable to work due to sickness or injury.

5. Lincoln Financial Group ("Lincoln") acquired Liberty Life in 2018. Lincoln is an insurance corporation with its headquarters and principal place of business in Pennsylvania. Lincoln is incorporated in Indiana.

6. As an employee of Parker Hannifin, Ms. West is a participant of both the STD Program and the Long Term Disability Plan.

7. The STD Program and Long Term Disability Plan (the "LTD Plan") are employee benefit plans administered in the Northern District of Indiana.

8. Liberty is an insurance corporation – with its headquarters and principal place of business located in Boston, Massachusetts – doing business in Indiana. Further, Lincoln is a domestic insurance corporation – with its headquarters and principal place of business in Pennsylvania, but incorporated in Indiana – doing business in Indiana.

9. Venue in the Northern District of Indiana is appropriate by virtue of the STD Program and LTD Plan being administered in this District.

## II. FACTUAL ALLEGATIONS

10. As an employee of Parker Hannifin Corporation, Ms. West worked as a Cell Operator until April 22, 2017.

11. A Cell Operator is required to lift, push, and pull approximately 70 pounds, and stand 8 hours a day.

12. In April of 2017, Ms. West became disabled due to a complicated condition involving hepatic steatosis, sigmoid diverticulosis, abdominal pain and swelling, fatigue, shortness of breath, chest pain, chronic gastroesophageal reflux disease (GERD), generalized anxiety disorder, hypertension, dyslipidemia, and severe obesity.

13. When she became disabled, Ms. West applied for short term disability benefits provided to Parker Hannifin Corporation employees. The STD Program is self-insured by the Defendant, but Liberty serves as the claims administrator to the STD Program.

14. Ms. West's short term disability benefits began on April 23, 2017.

15. Ms. West received a letter dated August 10, 2017, which stated that her short term disability benefits were terminated as of July 13, 2017.

16. On September 12, 2017, Ms. West appealed the denial of her short term disability benefits.

17. On November 6, 2017, Liberty denied Ms. West's short term disability appeal.

18. On January 9, 2018, Ms. West requested reconsideration of her claim for the second time.

19. On February 7, 2018, Liberty issued its final denial of Ms. West's short term disability benefits.

20. Because Ms. West remains disabled, she also applied for long term disability benefits offered to employees of Parker Hannifin Corporation and insured by Liberty.

21. Liberty denied Ms. West's long term disability application in an October 25, 2018 letter. Ms. West's long-term disability application was denied because her short-term disability claim was denied.

22. Liberty reviewed Ms. West's short term disability claim under the following definition of "Disability":

*A determination made by the Claims Administrator that your medical condition restricts you from performing each of the essential functions of your job, with or without accommodation, or other reasonable employment arranged or facilitated by Parker [Hannifin Corporation].*

23. In its February 7, 2018 short term disability denial letter, Liberty stated that Ms. West does not meet the definition of "Disability" because she does not have sufficient clinical evidence to support her inability to perform the activities required for her job. Liberty cited to the reviews conducted by a board-certified Cardiologist, Dr. Rizwan Karatela and a board-certified internal medicine physician, Dr. Neil Gupta.

24. On October 20, 2017, Dr. Karatela spoke with Ms. West's cardiologist, Dr. Choi, as part of the review process. Dr. Karatela stated that Dr. Choi recommended sedentary work for Ms. West. Dr. Karatela cited to the medical evidence showing Ms. West completed a 7 minute stress test. However, Dr. Karatela failed to consider that the stress test was terminated at 7 minutes due to exhaustion. Dr. Karatela's conclusion stated that Ms. West has the endurance to engage full-time in her medium to heavy activity job.

25. Ms. West exhausted her appeals of the denial of her short-term disability claim. Ms. West attempted to exhaust her administrative remedies by applying for long-term disability benefits, but Liberty refused to consider her claim.

26. By letter dated October 25, 2018, Liberty – which has since been acquired by Lincoln Financial Group – has informed Ms. West that she "would be unable to file a new claim for long term disability as the decision has already been made on your claim and there has been no return to work."

27. Because Liberty refused to process her claim for long term disability benefits, Ms. West's claim is "deemed denied."

28. Despite overwhelming evidence to support that Ms. West is disabled under the terms of both the Short Term Disability Plan and Long Term Disability Plan, Defendants still refuse to pay her short term and long term disability benefits. Liberty failed to properly consider the medical evidence and opinions of her treating providers. Liberty abused its discretion in both its original denials of short term and long term disability determinations, as well as the appeal denials for her short term disability plan. Liberty abused its discretion by refusing to process Ms. West's claim for long term disability benefits.

29. As a result of the denial of benefits, Ms. West continues to suffer from serious financial and emotional distress, in addition to her physically disabling conditions.

### III. CLAIMS FOR RELIEF
### WRONGFUL DENIAL OF SHORT TERM DISABILITY BENEFITS AND LONG TERM DISABILITY BENEFITS

30. Since she was forced to stop working, Ms. West remains unable to perform the material duties of her regular occupation or any occupation.

31. Ms. West provided the Defendants with ample medical evidence to verify her disability under both the STD Program and Long Term Disability Plan.

32. The Defendants have intentionally and without reasonable justification denied Ms. West's short term and long term disability benefits in violation of the STD Program, LTD Plan, and ERISA.

33. The Defendants have violated Indiana Code 22-2-5-2 for failure to pay short term disability benefits under the terms of the STD Program, a benefit paid from Parker Hannifin's payroll.

WHEREFORE, the Plaintiff, Penny West, requests that this Honorable Court enter Judgment:

A. Finding that Plaintiff is entitled to short term and long term disability benefits, and order the Defendants to pay the past due benefits.

B. Finding that Plaintiff is entitled to short term and long term disability benefits, and order the Defendants to pay for future monthly benefits as they become due.

C. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendants' wrongful denial of benefits.

E. Awarding the Plaintiff liquidated damages for the failure to pay wages due to the employee under the STD Program.

F. Awarding all other relief as may be just and appropriate.

Respectfully Submitted,

__/s/ Nicholas Lavella_____
Nicholas Lavella, #29337-49
Attorneys for Plaintiff
Keller & Keller, LLP
2850 N. Meridian St.
Indianapolis, IN 46208
(317) 926-1111
Fax: (317) 275-3008