UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PENNY WEST,

    Plaintiff,

v.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON, LINCOLN
LIFE ASSURANCE COMPANY OF
BOSTON, and PARKER HANNIFIN
CORPORATION,

    Defendants.

Case No. 3:20-CV-410 JD

**OPINION AND ORDER**

Plaintiff Penny West, a former employee of Defendant Parker Hannifin Corporation, filed a complaint for wrongful denial of benefits, alleging that she is entitled to both short-term disability (STD) and long-term disability (LTD) payments. Parker Hannifin's disability benefits programs are administered by Defendant Liberty Life Assurance Company ("Liberty"), which was recently acquired by Defendant Lincoln Life Assurance Company ("Lincoln"). Defendants collectively moved to partially dismiss Ms. West's STD claim[1] under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (DE 19.) For the reasons stated herein, the Court grants Defendants' partial motion to dismiss.

---

[1] The Court considers Ms. West's short-term disability claim, governed by state law, as a pendent claim accompanying her long-term disability claim under ERISA.

A.  Background

Penny West worked as a cell operator at Parker Hannifin Corporation. (DE 1 ¶10.) Her job involved lifting, pushing, and pulling about seventy pounds as well as standing throughout the day. (DE 1 ¶1.) Ms. West claims she has been unable to perform her job since April 2017 due to a combination of disabling conditions: hepatic steatosis, sigmoid diverticulosis, abdominal pain and swelling, fatigue, shortness of breath, chest pain, chronic gastroesophageal reflux disease, generalized anxiety disorder, hypertension, dyslipidemia, and severe obesity. (DE 1 ¶12.) Ms. West applied for short-term disability benefits under Parker Hannifin's STD program, which supports employees for up to twenty-six weeks from the onset of their disability. (DE 19-1 at 4.) The STD policy, while funded by Parker Hannifin, was administered by Liberty. (DE 1 ¶13.) After filing her claim with Liberty, Ms. West received short term disability benefits from April 23, 2017, until July 13, 2017, at which point her benefits were terminated. (DE 1 ¶ 14–15.) Ms. West appealed the denial of her STD benefits. However, her appeal was denied—first on November 6, 2017, and again on February 7, 2018, after Ms. West filed a second reconsideration request. (DE 1 ¶16–19.) Ms. West went on to apply for the long-term disability benefits offered to employees of Parker Hannifin, but that application was also denied. (DE 1 ¶20–21.) On May 19, 2020, Ms. West filed this lawsuit, alleging that both her short- and long-term benefits had been wrongfully denied. The issue of long-term benefits is not before the Court today, as Defendants' partial motion to dismiss addresses only the STD benefit claim.

B.  Standard

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the

light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## C. Discussion

As a preliminary matter, the Court notes that Defendants attached the relevant employee short-term disability benefit policy to their motion to dismiss. (DE 19-1.) While typically a court cannot consider documents outside the complaint on a motion to dismiss without converting it into a motion for summary judgment, *see* Fed. R. Civ. P. 12(d); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002), a court can consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint, central to her claim, and properly authenticated (or authenticity is conceded). *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009). Here, the STD plan is referenced in the complaint and is central to Ms. West's claim that she is entitled to short-term disability benefits. In addition, the attached policy is concededly authentic because

Ms. West has not challenged its authenticity. *See Hecker*, 556 F.3d at 582–83 (upholding district court's consideration of documents attached to a motion to dismiss where the parties did not dispute the documents' authenticity). Therefore, the Court's consideration of the policy here does not convert the instant motion into one for summary judgment.

### (1) *Determining the Proper Indiana Wage Statute*

Ms. West asserts her claim for short-term disability benefits under the Indiana Wage Payment Statute, Indiana Code 22-2-5-2. The Wage Payment Statute creates a cause of action under which current or voluntarily separated employees can sue for unpaid wages. Defendants assert that because Ms. West's separation was involuntary, she should have pleaded her claim under Indiana Code 22-2-9, the Indiana Wage Claim Statute. While the record does not yet include evidence regarding the way Ms. West left Parker Hannifin, Ms. West concedes that she has filed under the wrong statute, in effect conceding that her separation from the company was involuntary. (DE 22 at 2.) The Indiana Wage Claims Statute is indeed the proper mechanism for wage claims brought by involuntarily separated employees. *See St. Vincent Hosp. and Health Care Ctr. v. Steele*, 766 N.E.2d 699 (Ind. 2002) (holding employees who have been separated from work by their employer and employees whose work has been suspended as a result of an industrial dispute must file under the Wage Claims Statute while current employees and those who have voluntarily left employment must file under the Wage Payment Statute); *Hollis v. Defender Sec. Co.*, 941 N.E.2d 536, 540 (Ind. App. 2011) (holding an employee's status at the time he or she files the claim is the relevant inquiry in determining whether to proceed under the Wage Payment Statute or the Wage Claims Statute).

### (2) *Administrative Exhaustion Requirement*

In conceding that she proceeded under the wrong statute, Ms. West notes her right to amend her complaint and proceed under the Wage Claims Statute. However, amending the complaint in this case would be futile. As Defendants point out, one significant difference between the Indiana Wage Payment Statute and the Indiana Wage Claim Statute is that the latter requires administrative exhaustion. Ind. Code 22-2-9-4. To assert a claim against Defendants under the Wage Claim Statute, West would need to have filed her claim first with the Indiana Department of Labor. Ms. West has not done so. (DE 22 at 2.)

Ms. West does not dispute that she has failed to file a claim with the Department of Labor ("DOL"). Instead, she argues that she is exempt from the administrative exhaustion requirement because of the amount of her claim. (DE 22 at 2.) Ms. West points to Indiana Code 22-2-9-5, which states that "[t]he commissioner of labor is hereby authorized to take assignments of wage claims of less than six thousand dollars ($6,000)." Ms. West argues that because her claim amounts to more than $6,000, the Commissioner of Labor is not authorized to take it and thus that administrative exhaustion would be pointless because there would be no path forward through the DOL. In making this bare assertion, Ms. West cites no case law.

The parties dispute whether Ms. West's claim in fact exceeds $6,000, but that is of no consequence. Even if her claim is for a greater amount, Ms. West is still required to pursue administrative exhaustion. Indiana Code 22-2-9-5 does not dispense with the exhaustion requirement as Ms. West suggests, but rather specifies *who* is authorized to take assignment of a claim. The $6,000 statutory limitation on the Commissioner does not render administrative exhaustion futile, because the Commissioner of Labor is not the only entity authorized to take assignment of a wage claim. In addition to the Commissioner taking assignment of such claims,

5

Indiana Code 22-2-9-4(b) allows that "the commissioner of labor may refer claims for wages under this chapter to the attorney general, and the attorney general may initiate civil actions on behalf of the claimant or may refer the claim to any attorney admitted to the practice of law in Indiana."

The Indiana Court of Appeals has confirmed this reading, holding that "Section 22-2-9-5 gives the Commissioner the authority to take assignment of certain wage claims without referring them to the Attorney General. This limited authority, however, has no bearing on the claimants' duty to first submit their claims to the DOL." *Reel v. Clarian Health Partners, Inc.*, 917 N.E.2d 714 (Ind. Ct. App. 2009) (class certification context). *See also AmericGlobe, LLC v. Althoff*, 97 N.E.3d 314 (plaintiff with claim exceeding $6,000 still required to pursue administrative remedies); *Tesler v. Miller/Howard Invs., Inc.*, 2017 WL 2840839, at *3 (S.D. Ind. 2017) (same); *Grass v. Damar Servs., Inc.*, 2014 WL 27730227, at *43 (S.D. Ind. 2014) (same).

Because the Indiana Department of Labor's jurisdiction is not limited in the manner Ms. West suggests, her failure to exhaust administrative remedies requires dismissal of the STD payment claim. Moreover, any attempt to amend this claim would be futile because, at this point, Plaintiffs efforts to exhaust would be time-barred by the STD policy's three-year limitations period. (DE 19-1 at 11. ("You may not take legal action to recover benefits . . . [m]ore than three years after the Program requires you to file a claim."))[2]

---

[2] The parties dispute the precise date in 2017 that began the three-year limitations period. Regardless of which date is identified, any effort to exhaust from this point forward would fall outside of the three-year window.

### E. Conclusion

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss (DE 19) and DISMISSES Ms. West's short-term disability payment claim.

SO ORDERED.

ENTERED: March 26, 2021

/s/JON E. DEGUILIO
Chief Judge
United States District Court
